UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY MARSHALL,

                Plaintiff,                          Case No. 13-cv-10658

                                                Paul D. Borman

v.                                        United States District Judge

                                                R. Steven Whalen

COMMISSIONER OF                  United    States Magistrate

SOCIAL SECURITY,                 Judge

                Defendant.
_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 15), (2) DENYING PLAINTIFF'S OBJECTIONS, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 7), AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER

This matter is before the Court on Plaintiff's Objections to Magistrate Judge R. Steven Whalen's February 25, 2014 Report and Recommendation. (ECF No. 16, Objections; ECF No. 15, Report and Recommendation.) Defendant filed a Response to Plaintiff's Objections. (ECF No. 17.) This Court reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ADOPTS the Report and Recommendation, DENIES Plaintiff's Objections, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary

Judgment and AFFIRMS the decision of the Commissioner.

## I.      BACKGROUND

The Administrative Law Judge's ("ALJ") findings and pertinent portions of the Administrative Record are adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 15, Report and Recommendation 2-10.)

## II.      STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Only those objections that are specific are entitled to a *de novo* review under the statute.

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id*. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id*.

## III.   ANALYSIS

Plaintiff's Objections are more of a narrative disagreement with the Magistrate Judge's substantial evidence review of the ALJ's ruling. It is difficult to discern the exact nature of the Objection but the Court will presume that the heart of the objection is that stated in the conclusion: "The ALJ did not give good reasons for ignoring Dr. Filos's medical opinion. The matter should be reversed, and benefits should be awarded." (ECF No. 16, Objs. 9.) Plaintiff objects that the ALJ and the Magistrate Judge were "moralizing" over Plaintiff's addiction to smoking rather than taking

into account the opinion of Plaintiff's treating physician, Dr. Filos, that Plaintiff's Chronic Obstructive Pulmonary Disease ("COPD") and treatment regimen required, among other severe limitations, that Plaintiff lie down randomly at her discretion throughout the day. Plaintiff continues to argue that the ALJ erred in not including these restrictions, which would have precluded all work, in his hypothetical to the Vocational Expert. Accordingly, the Court will examine whether the Magistrate Judge correctly upheld the ALJ's decision to discount some of the more severe restrictions appearing in Dr. Filos's "opinion," including the limitation that Plaintiff had to lie down "at her discretion" throughout the course of the day.

First, the Court disagrees with Plaintiff's characterization of the ALJ's and the Magistrate Judge's consideration of Plaintiff's failure to quit smoking, despite demands from her treating physician that she do so, as "moralizing." The Sixth Circuit has routinely recognized that "[t]he failure to stop smoking against medical advice can be properly considered in assessing credibility." *Harbin ex. rel. Sarver v. Comm'r of Soc. Sec.*, No. 11-15699, 2013 WL 4604376, at *18 (E.D. Mich. Aug. 29, 2013). In *Harbin*, the court concluded that the Appeals Council properly considered plaintiff's failure to follow treatment recommendations that he stop smoking when assessing his credibility regarding the debilitating nature of his condition:

> The failure to stop smoking against medical advice can be properly considered in assessing credibility. *See Galinis v. Comm'r of Soc. Sec.*, 2008 WL 360656, at *8 (W.D. Mich. Feb.8, 2008) ("The Sixth Circuit has indicated that where a claimant declines to stop smoking despite being instructed to by her care providers otherwise is an appropriate factor to consider when assessing the claimant's credibility.") (citing *Hall–Thulin v. Comm'r of Soc. Sec.*, 1997 WL 144237, at *1 (6th Cir. Mar.27, 1997) (quoting *Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988)); *see also Brumett v. Comm'r of Soc. Sec.*, 2009 WL 690250, at * 10 (S.D. Ohio Mar.11, 2009) (ALJ properly considered that plaintiff continued to smoke despite having asthma and chronic bronchitis); *Long v. Comm'r of Soc. Sec.*, 375 F.Supp.2d 674, 681 (W.D.Tenn. 2005) (ALJ properly found that plaintiff's continuing to smoke in light of his cardiac and vascular history is inconsistent with

4

his testimony of debilitating illness). Thus, the ALJ properly considered whether plaintiff followed prescribed treatment recommendations from his treating physicians.

*Id.* at *18. There is no dispute in this case that Dr. Filos informed Plaintiff when he first began treating her early in 2010 that it was "absolutely imperative" that she stop smoking. (Tr. 433.) Plaintiff continued to smoke despite these orders and the ALJ properly considered Plaintiff's failure to follow this critical directive of her treating physician in evaluating her credibility. A claimant's refusal to stop smoking despite a diagnosis of COPD "indicates the condition is not disabling." *Brown v. Soc. Sec. Admin.*, 221 F.3d 1333, 2000 WL 876567, at *1 (6th Cir. June 22, 2000) (table case). Plaintiff was given a direct treatment order from her physician, which she did not follow. "The Social Security Act did not repeal the principle of individual responsibility." *Sias v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988).

Second, the ALJ properly discussed his basis for giving limited weight to Dr. Filos's opinion that Plaintiff needed to lie down at her discretion throughout the course of the day, which would have precluded her from engaging in any work. "If the ALJ decides not to give a treating physician's opinion controlling weight, the ALJ may not reject the opinion, but must apply other factors to determine what weight to give the opinion . . . ." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 727 (6th Cir. 2014). The ALJ should consider factors such as "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with record as a whole, and the specialization of the treating source." *Id.* Importantly, a treating physician's opinion is only entitled to this degree of deference "when it is a *medical opinion*." *Curler v. Comm'r of Soc. Sec.*, __F. App'x__, 2014 WL 1282521, at *6 (6th Cir. April 1, 2014) (rejecting a treating physician's

5

"opinion" expressed on a check-box form, with no explanation or citation to specific medical records as unsupported by the treating records) (emphasis in original).

The ALJ considered several of these factors in reaching his decision to give limited weight to Dr. Filos's opinion that Plaintiff suffered from severe limitations that would preclude all work. That "opinion" was expressed on a two-page check-box Medical Source Statement Form and opined, among other severe restrictions, that Plaintiff needed to lie down at her discretion throughout the course of a day. (Medical Source Statement, Tr. 450-51.)[1]   Although the Medical Source Statement Form indicates that Dr. Filos relies on Plaintiff's April 28, 2010 pulmonary function tests in reaching his opinion, there are no such severe restrictions found anywhere in Dr. Filos's April 28, 2010 correspondence to Plaintiff's referring physician setting forth his conclusions based upon his examination of the Plaintiff on April 28, 2010 or the results of her pulmonary function tests, which revealed "mild chronic obstructive pulmonary disease" that responded to treatment. (Tr. 431-33, 436.)   What the April 28, 2010 Report does reveal with great clarity is Dr. Filos's opinion that "it is absolutely imperative that [Plaintiff] stop cigarette smoking." (Tr. 433.)   Dr. Filos's April 28, 2010 Report also notes that Plaintiff gave birth three months prior to her appointment that day and that her pregnancy was not complicated, that she "was able to be fairly stable from her respiratory standpoint and was able to tolerate her cesarean section without respiratory difficulties." (Tr. 432.)

The ALJ noted that Plaintiff had been treating with Dr. Filos since April, 2010 and saw him

---

[1] The Court notes that in her Objections, Plaintiff sometimes appears to cite to the PgID# assigned to the Administrative Record by the Court rather than the Transcript page number that appears in the bottom right hand corner of each page of the consecutively numbered Transcript. For example, the Transcript page numbers for Dr. Filos's medical source statement, Tr. 450-51, bear a PgID#s 473-74. The Court refers to the Transcript number that appears in the bottom right hand corner of each page of the Administrative Record.

approximately once every six months. The ALJ took note of each of the restrictions suggested by
Dr. Filos in his November 1, 2010 Medical Source Statement Form, in which Dr. Filos responded
to 17 check-box questions and gave three abbreviated short answer responses. (Tr. 450-451.) This
Form indicated, among other disabling limitations, that Plaintiff needed to lie down at her discretion
and could not sit, stand or walk without a break for any length of time. The ALJ compared these
recommendations with the record as a whole, including Dr. Filos's own June 15, 2011 pulmonary
function testing Report that indicated "moderate COPD" that showed "reversibility and
improvement" after one treatment and noted no evidence of restrictive lung disease. (Tr. 593-595.)
The June 15, 2011 Report noted that Plaintiff continued to smoke and Dr. Filos added nebulizer
treatments three times a day to Plaintiff's treatment protocol. (Tr. 595.) A chest x-ray showed
"clear lung fields with no evidence of any acute infiltrates, nodules, masses or effusions." The
testing revealed "no evidence of cardiomegaly and no evidence of increased pulmonary vascular
congestion." *Id*.

A May 10, 2010 cardiology consult with Dr. George Predeteanu showed shortness of breath
but no cough, wheezing or expectoration. Plaintiff had normal respiratory effort with normal
percussion and palpation of the lungs but she did request that the treadmill stress test be stopped due
to shortness of breath. Her EKG was negative for ischemia or arrhythmias and her blood pressure
was normal in response to exercise. (Exhibit 4F.) A July 7, 2010 neurological follow up with Dr.
Sabbagh indicated no cranial nerve, motor or sensory deficit and full strength in all four extremities.
(Exhibit 6F.) She was diagnosed with mild carpal tunnel bilaterally and was ordered to undergo
physical therapy, which Plaintiff never scheduled. Again in November, 2010, Plaintiff was
prescribed physical therapy but she indicated an inability to schedule physical therapy. (Exhibit

13F.)

Thus, before giving limited weight to Dr. Filos's Medical Source Statement expressing his disability determination, the ALJ extensively reviewed and documented the inconsistencies between Dr. Filos's opinion that Plaintiff had severe limitations in every recordable category and the record medical evidence as a whole, including Dr. Filos's own clinical findings. Magistrate Judge Whalen also extensively reviewed the record, including Plaintiff's treating and non-treating records, before concluding that substantial evidence supported the ALJ's rejection of Dr. Filos's findings that Plaintiff could not even lift five pounds and needed to lie down at her discretion, which would have mandated a finding of disability.

Magistrate Judge Whalen found the ALJ's discussion of his reasons for the limited weight given to Dr. Filos's opinion "well supported and articulated." This Court agrees and finds that the Magistrate Judge correctly concluded as follows: "The only medical evidence supporting the need to recline at unpredictable times is Dr. Filos's assessment. None of the other treating or consultative records, including Dr. Filos's treating notes, support the conclusion that she needed to recline at her discretion." (Report at 16.)

Although not crucial to the Court's conclusion that the Magistrate Judge did not err in finding that substantial evidence supports the ALJ's decision in this case, it also is not unimportant that these severe restrictions appear on a check-box Form. Although admittedly generated by Plaintiff's treating physician, arguably these "opinions" do not merit the discretion normally afforded a documented medical opinion. This Form "is not a clinical note, nor does it document a contemporaneous examination of the patient . . . ." *Curler*, 2014 WL 1282521, at *6 (internal citation and quotation marks omitted). It was prepared in response to Plaintiff's attorney's request,

8

opines on matters reserved to the Commissioner such as whether and to what extent Plaintiff is able to work, and purports to be based upon pulmonary function tests that were conducted almost six months prior to completion of the Form. (Tr. 449.)  The ALJ was acting "within the zone of choice" in relying on Dr. Filos's actual treatment records and the remainder of the medical record evidence rather than the check-box Form.  The ALJ was not obligated to include these severe restrictions in his hypothetical to the ALJ.

## IV.    CONCLUSION

For the foregoing reasons, having conducted a *de novo* review of the record in this case, the Court concludes that Magistrate Judge Whalen did not err in concluding that substantial evidence supported the ALJ's decision.  Accordingly, the Court ADOPTS the Report and Recommendation, DENIES Plaintiff's Objections, GRANTS the Commissioner's Motion for Summary Judgment, DENIES Plaintiff's Motion for Summary Judgment and AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 10, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 10, 2014.

s/Deborah Tofil
Case Manager

9